United States District Court
Southern District of Texas
**ENTERED**
August 13, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. 5:19-CR-190 |
| | § | |
| FERNANDO PAY ELIAS | § | |

## ORDER

Defendant was indicted for failing to register under the Sex Offender Registration and Notification Act (SORNA). (Dkt. No. 8 at 1). Pending before the Court is his Motion to Dismiss the Indictment (Dkt. No. 32), which argues that the indictment should be dismissed because (1) SORNA impermissibly delegates authority to the Attorney General and (2) this Court lacks jurisdiction because the Southern District of Texas is an improper venue. (Dkt. No. 32 at 1). The Government filed a response (Dkt. No. 35) rejecting both grounds, and the Court held a hearing on July 9, 2019. At that hearing, the Court **DENIED** dismissal based on Defendant's improper-delegation argument because of the Supreme Court's recent ruling in *Gundy v. United States*. *See* 139 S. Ct. 2116, 2129 (2019) (holding that SORNA does not improperly delegate authority to the Attorney General). The Court now holds that the improper-venue argument also fails. Defendant's Motion to Dismiss the Indictment (Dkt. No. 32) is therefore **DENIED**.

I. BACKGROUND

In 2003, a North Dakota state court convicted Defendant for Gross Sexual Imposition and sentenced him to ten years imprisonment. (Dkt. No. 35 at 2). Congress

subsequently passed SORNA, which—together with the Attorney General's final regulation—required those convicted of sex crimes (both pre- and post-SORNA) to register in their state of residence. (*Id.*).

Defendant originally complied with the Act, signing the North Dakota Offender Registration Notice/Acknowledgement and Registration. (*Id.* at 2–3). He again complied when he moved to Laredo in 2017 and signed the Texas Sex Offender Registration Program Form. (*Id.*). With his next move however he did not comply.

Within a year of his move to Texas, Defendant moved to Arizona. (*Id.*). Defendant neither informed Texas authorities of his move nor registered as a sex offender in Arizona. (*Id.*). On March 12, 2019, Defendant was indicted and charged with failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). (Dkt. No. 32).

## II. Legal Standard

### A. SORNA

SORNA "establishes a comprehensive national system for the registration of [sex] offenders," 34 U.S.C. § 20901, by requiring sex offenders to "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 34 U.S.C. § 20913(a). To keep the registration current, sex offenders must "not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of all changes in the information required for that offender in the sex

offender registry." *Id.* at 20913(c). It is then incumbent upon the notified jurisdiction to "immediately provide that information to all other jurisdictions in which the offender is required to register." *Id.*

A state sex offender violates SORNA only if the following elements are satisfied in sequence: "an offender must (1) be required by SORNA to register; then (2) travel in interstate or foreign commerce; and then (3) knowingly fail to register or update a registration as required by SORNA." *United States v. Byrd*, 419 F. App'x 485, 488 (5th Cir. 2011) (per curiam) (citing *United States v. Carr*, 560 U.S. 438 (2010)); *see also* 18 U.S.C. § 2250(a). The government need not prove that the sex offender traveled interstate specifically intending to avoid a registration requirement. *Id.* (citing *Carr*, 560 U.S. at 447). Such a violation is punishable by a fine or a prison term of up to 10 years. 18 U.S.C. § 2250(a).

**B. Venue**

The Sixth Amendment to the U.S. Constitution guarantees a defendant the right to a trial by "an impartial jury of the State and district wherein the crime shall have been committed." U.S. CONST. amend. VI; *see also* FED. R. CRIM. P. 18 ("[T]he government must prosecute an offense in a district where the offense was committed."). That does not mean that a particular crime may always be prosecuted in one and only one district. Many crimes occur in more than one district, and therefore "any offense . . . begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a); *see*

3

*United States v. Bullock,* 451 F.2d 884, 889 (5th Cir. 1971) ("18 U.S.C.A. § 3237 expressly fixes venue for the prosecution of those crimes which are begun in one district and completed in another. Under the terms of that statute, such a crime may be prosecuted in any district where it was 'begun, continued, or completed.'"). Thus "whether venue is proper in a particular district turns on the elements of the underlying crime and where the acts satisfying those elements occurred." *United States v. Holcombe,* 883 F.3d 12, 15 (2d Cir. 2018); *see also United States v. Rodriguez-Moreno,* 526 U.S. 275, 279 (1999) ("[T]he *locus delicti* [of the charged offense] must be determined from the nature of the crime alleged and the location of the act or acts constituting it. In performing this inquiry, a court must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." (citations and internal quotation marks omitted)).

Venue also lies in multiple districts if the particular crime being prosecuted is a continuing offense. Section 3237(a) states, "Any offense involving . . . transportation in interstate . . . commerce . . . is a continuing offense and . . . may be inquired of and prosecuted in any district from, through, or into which such commerce . . . or person moves." 18 U.S.C. § 3237(a).

III. ANALYSIS

> A. Jurisdiction is proper in the Southern District of Texas because interstate travel is an essential element of a SORNA offense for a state sex offender.

Both the Supreme Court and the Fifth Circuit have affirmed that interstate travel is an essential element of a SORNA violation for state sex offenders. The

4

Supreme Court described "the statute's three elements" and explained that interstate travel "may serve as a jurisdictional predicate for [a SORNA violation], but it is also . . . the very conduct at which Congress took aim." *Carr v. United States*, 560 U.S. 447, 446, 454 (2010). In *United States v. Byrd*, the Fifth Circuit followed the Supreme Court's lead, listing the elements as follows: "an offender must (1) be required by SORNA to register; then (2) travel in interstate or foreign commerce; and then (3) knowingly fail to register or update a registration as required by SORNA." 419 F. App'x 485, 488 (5th Cir. 2011). And Defendant cited those as the authoritative elements. (Dkt. No. 32 at 6). Moreover, neither party objected at the end of the hearing when the Court stated, "I think everyone concedes that interstate travel is in fact the second required element of a SORNA violation. I think you are on the same page as far as what the elements are and the second requirement of that." Motion Hearing on July 9, 2019, at 10:50:19–10:50:33, United States v. Elias, No. 5:19-cr-190-1. *But see id.* at 10:40:32–10:40:40 ("The only reason that they included the interstate travel was . . . to bring in the Commerce Clause and to bring in federal jurisdiction.").

Additionally, a majority of the circuits that have addressed the issue agree—with unanimous panels—that interstate travel is an essential element of a SORNA offense for state sex offenders, and the offense thus starts in the defendant's departure-jurisdiction not where the defendant's interstate travel ends and the defendant fails to register. *See United States v. Lewallyn*, 737 F. App'x 471, 473 (11th Cir. 2018) (holding interstate travel an essential element of a SORNA offense and

thus finding the defendant "began" his crime in the departure-jurisdiction (citing *United States v. Kopp*, 778 F.3d 986, 988–89 (11th Cir. 2015))); *United States v. Holcombe*, 883 F.3d 12, 15–16 (2d Cir. 2016) (citing *Carr*, 560 U.S. at 454) (same); *United States v. Atkins*, 498 F. App'x 276, 277 (4th Cir. 2012) (citing *Carr*, 560 U.S. at 454) (same); *United States v. Howell*, 552 F.3d 709, 718 (8th Cir. 2009) (same). Only a split-panel in one circuit has concluded that interstate travel is not an element of SORNA. *See United States v. Haslage*, 853 F.3d 331, 335–36 (7th Cir. 2017) (holding that interstate travel is not an element of the crime, and venue is therefore not proper in the departure-jurisdiction). The dissent in that case argued,

> My colleagues say that "interstate travel is a necessary precursor, but it is neither a distinct crime nor an element of the crime." Interstate travel is certainly not a distinct crime, but it *is* an element of [a SORNA] offense for a state sex offender. That much is clear from *Carr*.

*Haslage*, 853 F.3d at 338 (Sykes, J., dissenting). This Court agrees with that majority of circuit courts and with the Seventh Circuit dissent—because interstate travel is a necessary element of a SORNA offense, the offense commences in a defendant's departure-jurisdiction.

Importantly, the elements of a SORNA offense were not altered by the Supreme Court's decision in *Nichols v. United States*, 136 S. Ct. 1113 (2016). *Nichols* involved a federal sex offender, *id.* at 1116–17, and interstate travel is never an element of a SORNA offense for a federal sex offender.[1] But *Carr* and the previously

---

[1] The elements of a SORNA offense for a federal sex offender are that the offender:

"(1) is required to register under [SORNA]; (2)(A) is a sex offender as defined for the purposes of [SORNA] by reason of a conviction under Federal law (including the

6

cited cases each involved a state sex offender, as does this case. The *Nichols* Court thus had no occasion to comment on whether *Carr*'s holding—that interstate travel is an essential element for state sex offenders—remains good law. And a majority of the circuits to address the issue have found that it does not.[2] The Court also agrees with that majority.

Not only is *Nichols* distinguishable because it involved a federal, not state, sex offender, but it is also inapposite because in *Nichols* no federal crime occurred. In *Nichols*, the Supreme Court found that SORNA did not require a sex offender to deregister in the departure jurisdiction. 136 S. Ct. at 1117–18. Further, a sex offender is not required by SORNA to register in a foreign country. *Id.* at 1117 ("The Philippines is not a 'jurisdiction' under SORNA; no foreign country is." (citing 42 U.S.C. § 16911(10)). The defendant in *Nichols* therefore had no legal duty to deregister in Kansas (where he moved from) or to register in the Philippines (where he moved to). *Id.* at 1117–19. SORNA was not violated. Because no federal crime took place, *Nichols* had no reason to address venue; venue was irrelevant. *See Lewallyn*,

---

Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; . . . and (3) knowingly fails to register or update a registration as required by [SORNA]."
18 U.S.C. § 2250(a).

[2] *See Lewallyn*, 737 F. App'x at 473–74 (explaining that *Nichols* differs because it involves a federal sex offender, who was not required to travel in interstate commerce); *Holcombe*, 883 F.3d at 16 ("*Nichols* . . . involved a . . . federal sex offender, not, as here, a state sex offender. A federal sex offender, unlike a state sex offender, does not need to travel interstate to commit a SORNA offense." (citations omitted)); *see also Haslage*, 853 F.3d at 338 (Sykes, J., dissenting) ("*Nichols* did not alter these elements of the crime for state sex offenders who are subject to SORNA requirements."). *But see Haslage*, 853 F.3d at 335 (holding that *Nichols* only differed in that the defendant there moved a foreign country, not another state, and after *Nichols* "interstate travel is . . . [not] an element of the crime").

7

737 F. App'x at 473 (affirming district court's holding that *Nichols* "in no way considered or ruled on the issue of where a trial should be held when a registered sex offender leaves a district and fails to register in another district that *is* an 'involved jurisdiction' for purposes of SORNA."); *Holcombe*, 883 F.3d at 16 ("*Nichols* did not address venue." (citing *Nichols*, 136 S. Ct. at 1116–17)).

The case here differs. No one contests that a SORNA violation occurred. The Government is not arguing that Defendant violated SORNA by failing to de-register in Texas—which is all *Nichols* precludes—but that Defendant violated SORNA by traveling from Texas to Arizona and then failing to register there.[3] Venue is thus relevant, and *Nichols* does not speak to it.

The hypotheticals raised by Defendant and the Seventh Circuit to assert that *Nichols* affects the element-analysis are unpersuasive. Defendant explained:

> [T]he *Haslage* case . . . talks about how somebody living in Chicago, if they were to travel out of state to Hammond, Indiana for a wedding on a Saturday and return back, how that wouldn't be part of the necessary, the element of interstate travel. And how absurd that would be if somebody were to do that then five years later not report a change in job and [the Government] could use the travel from five years earlier and . . . no notification of a change in employment to bring a prosecution.

---

[3] At the hearing the Government explained that *Nichols* differed because there the defendant:

> was going to the Philippines and he wasn't required to register there, and so as a result they were trying to try him in Kansas for not having registered in Kansas, which is not what we're doing here. Here, in contrast to that, . . . the case is because he didn't register in Arizona, not because he didn't register in the Southern District of Texas. We're not alleging that at all—that he was required to register here. We are simply saying that him not registering in Arizona began when he left Laredo in the Southern District of Texas.

Motion Hearing on July 9, 2019, at 10:33:57–10:34:30, United States v. Elias, No. 5:19-cr-190-1.

8

Motion Hearing on July 9, 2019, at 10:18:09–10:18:47, United States v. Elias, No. 5:19-cr-190-1; *see also Haslage*, 853 F.3d at 334. But just because SORNA would not cover a brief, unreported trip over state lines—or in fact any interstate travel that does not result in a change of name, residence, employment, or student-status[4]—does not mean that a completed SORNA offense fails to begin when interstate travel starts. And despite Defendant's worries, the Government likely could not use the travel from five years earlier because there would be no "nexus between [the] defendant's interstate travel and his failure to register as a sex offender." *Carr*, 560 U.S. at 446.[5]

Nor does the intent-focused hypothetical call into question whether venue would be proper in the departure state. It is true that a state sex offender who crosses state lines with the intent to move and not update his registration but then, before

---

[4] *See* 34 U.S.C. § 20913(c) ("A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status . . . inform that jurisdiction of all changes in the information required for that offender in the sex offender registry.").

[5] At the hearing, the Government responded to Defendant's argument as follows:

> That's ignoring third requirement completely—the three business days and the changing of a residence—that doesn't happen when you go to another state overnight or something like that. In this case, he actually did go to Arizona and moved and resided there, changed his residence, stayed for longer than three business days. It's all very different from what we are hearing from the defendant and also what we heard in the Seventh Circuit case with their scenarios about well if you go overnight somewhere or you go somewhere for a short period of time. That's not what happened here, and I don't think that's what SORNA is talking about. . . . When you get into that third criteria of the three business days, I think that is what that is speaking to; it's not for a weekend excursion, it's because someone has actually moved their life and has resided somewhere else and now we can no longer monitor them, which is exactly what SORNA doesn't want to have happen, which is what happened in the Second and Eleventh Circuits and what happened in this case.

Motion Hearing on July 9, 2019, at 10:38:35–10:39:31, United States v. Elias, No. 5:19-cr-190-1.

three days have passed, changes his mind and returns to his previous home, has not violated SORNA. *Cf. Haslage*, 853 F.3d at 334. There the violation was only begun but remains unconsummated. But if the violation is completed, intent is irrelevant for venue; what matters is where the acts satisfying the statute took place.[6]

For similar reasons the following hypothetical is inapposite to this case: a state sex offender who travels from Indiana to Kentucky, registers in Kentucky with his new address within two days, but then fails to update his Kentucky registration when he gets a job a week later. *See Haslage*, 853 F.3d at 334. The Seventh Circuit "presum[es]" that offender would be subject to prosecution under SORNA for failure to update and uses that presumption to question the validity of holding that venue lies where interstate travel starts, stating "but it is a strain to imagine that his crime had anything to do with Indiana." *Id.* But there is no reason to think that any federal crime occurred in that hypothetical. By registering in Kentucky after traveling from Indiana, the offender may have cut off the necessary "nexus" between the interstate travel and the failure to register after his employment status changed. *Carr*, 560 U.S. at 446. Because the interstate-travel element would not be met in that case, no federal crime would occur.[7] The defendant would not be subject to prosecution for violating

---

[6] *See United States v. Brown*, 898 F.3d 636, 641 (5th Cir. 2018) (holding that when considering venue, "the location of a crime 'must be determined from the nature of the crime alleged and the location of the *act or acts* constituting it.'" (emphasis added) (quoting *United States v. Anderson*, 328 U.S. 699, 703 (1946))); *Holcombe*, 883 F.3d at 16 ("[V]enue turns on 'where physical <u>conduct</u> occurred, not where criminal intent was formed.'" (quoting *United States v. Miller*, 808 F.3d 607, 615 (2d Cir. 2015) (quotation marks omitted))); *United States v. Mobley*, 618 F.3d 539, 546 (6th Cir. 2010) ("[T]he place of the crime . . . is determined by the *acts* of the accused that violate a statute." (emphasis added) (quoting *Johnston v. United States*, 351 U.S. 215, 220 (1956))).

[7] As explained in *Nichols*, such an interpretation would not "create 'loopholes and deficiencies'

10

SORNA.

In fact, *Carr* militates against finding federal jurisdiction in that hypothetical. SORNA gives "the States primary responsibility for supervising and ensuring compliance among state sex offenders and . . . subject[s] such offenders to federal criminal liability only when . . . they use the channels of interstate commerce in evading a State's reach." 560 U.S. at 452. It thus "preserved th[e] basic allocation of enforcement responsibilities" between the State and Federal governments by conditioning federal funds on state enforcement of sex-offender registries and "expos[ing] to federal criminal liability . . . [only] persons . . . who threaten the efficacy of [state] statutory scheme[s] by traveling in interstate commerce." *Id.* at 453. The defendant in the hypothetical did not use interstate travel to "evade a State's reach" and thus did not so "threaten the efficacy of the [state] statutory scheme." And as *Carr* explains, "There is nothing 'anomal[ous]' about" Congress's choice "to handle federal and state sex offenders differently" because "the Federal Government has a direct supervisory interest" in federal sex offenders. *Id.* at 452–53. Nevertheless, we need not definitively resolve that question today. It is enough to show that finding that a SORNA violation begins when interstate travel begins does not lead to the absurd results suggested by Defendant and the Seventh Circuit.

---

in SORNA's nationwide sex-offender registration scheme" because the failure to update the offender's registration after changing employment would likely violate state law and could be prosecuted by the state under that provision. *See Nichols,* 136 S. Ct. at 1119. *See also Haslage,* 853 F.3d at 334 ("The Supreme Court noted that state law often requires more of an offender . . . [that] means that SORNA has not left a gaping loophole in the registration system.").

11

Given that interstate travel is an essential element of a SORNA violation for a state sex offender, Defendant's offense began in the Southern District of Texas. Venue is thus proper here. *See* 18 U.S.C. § 3237(a) ("[A]ny offense against the United States begun in one district and completed in another . . . may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.").

### B. Jurisdiction is also proper in the Southern District of Texas because the SORNA violation is a continuing offense.

A SORNA violation for a state sex offender is a continuing offense. The Ninth, Seventh, and Tenth Circuits have all determined that failing to register is a continuing offense. *See United States v. George*, 625 F.3d 1124, 1131 (9th Cir. 2010) ("We interpret the violation of the sex offender registration requirement as a continuing offense."), *vacated on other grounds*, 672 F.3d 1126 (9th Cir. 2012); *United States v. Dixon*, 551 F.3d 578, 582 (7th Cir. 2008) ("The Act creates a continuing offense."), *rev'd on other grounds sub nom. Carr v. United States*, 560 U.S. 438 (2010); *United States v. Hinckley*, 550 F.3d 926, 936 (10th Cir. 2008) ("[W]e view the failure to register as a continuing offense."), *abrogated on other grounds by Reynolds v. United States*, 565 U.S. 432 (2012). And the Eighth and Eleventh Circuits also seem to endorse the continuing-offense theory, though neither have explicitly so held. *See United States v. Kopp*, 778 F.3d 986, 989 (11th Cir. 2015) (Pryor, J., concurring) ("[Defendant's SORNA violation] was a 'continuing offense' subject to prosecution anywhere that [defendant] traveled." (internal citation omitted)); *United States v. Pietrantonio*, 637 F.3d 865, 870 (8th Cir. 2011) (finding that "the first violation ceased to be 'continuing' when [defendant] registered," even though a determination on the

12

continuing-violation question was ultimately unnecessary).

Moreover, the Texas district courts that have faced the issue have found SORNA to be a continuing offense. *See United States v. Marrufo*, No. EP–09–CR–181–PRM, 2009 WL 10703743, at *13 (W.D. Tex. Apr. 27, 2009) ("[T]he federal rules and the general venue statute in conjunction with § 2250 establish a continuing offense so that venue is proper in any district in which a defendant has moved." (citation omitted)); *United States v. Natividad-Garcia*, 560 F. Supp. 2d 561, 568 (W.D. Tex. 2008) (same); *United States v. Young*, 582 F. Supp. 2d 846, 849 (W.D. Tex. 2008) (same); *United States v. Slater*, No. MO-08-CR-131, 2008 WL 4368581, at *3 (W.D. Tex. Sept. 16, 2008) (same).

Because a SORNA violation is a continuing offense, venue is proper in the Southern District of Texas—Defendant's departure-district. *See* 18 U.S.C. § 3237(a) ("Any offense involving . . . transportation in interstate or foreign commerce . . . is a continuing offense and . . . may be inquired of and prosecuted in any district from, through, or into which such . . . person moves."). "Th[is] crime[] involved transportation in interstate commerce 'from' [Texas], so the government may prosecute [it] in a district court in [Texas]." *Haslage*, 853 F.3d at 338 (Sykes, J., dissenting). Venue is thus proper in the Southern District of Texas under the continuing-offense theory as well.

## IV. CONCLUSION

Because interstate travel is an essential element of a SORNA offense for a state sex offender, the crime began in the Southern District of Texas: venue is proper here.

13

Alternatively, a SORNA violation is a continuing offense, and venue is thus proper in Southern District of Texas—where Defendant traveled from. Defendant's Motion to Dismiss the Indictment (Dkt. No. 32) is hereby **DENIED**.

It is so **ORDERED**.

**SIGNED** August 12, 2019.

_____
Marina Garcia Marmolejo
United States District Judge